1  Daniel Cooper (Bar No. 153576)
   Layne Friedrich (Bar No. 195431)
2  LAWYERS FOR CLEAN WATER, INC.
   1004 O'Reilly Avenue
3  San Francisco, California  94129
   Telephone: (415) 440-6520
4  Facsimile: (415) 440-4155
   Email: cleanwater@sfo.com
5  layne@lawyersforcleanwater.com
6
   Christopher Sproul (Bar No. 126398)
7  ENVIRONMENTAL ADVOCATES
   5135 Anza Street
8  San Francisco, California  94121
   Telephone: (415) 533-3376
9  Facsimile: (415) 358-5695
   Email: csproul@enviroadvocates.com
10
11 Attorneys for Plaintiffs
   BAYKEEPER and
12 WEST COUNTY TOXICS COALITION
13
14                   UNITED STATES DISTRICT COURT
15                  NORTHERN DISTRICT OF CALIFORNIA
16
17 BAYKEEPER, a non-profit corporation, and;          Civil Case No.: C 05-03829 MMC
   WEST COUNTY TOXICS COALITION, a non-
18 profit organization,                               **PARTIAL STIPULATED DISMISSAL
                                                       OF CLAIMS;**
19                 Plaintiffs,                         [PROPOSED] ORDER
20           v.
21
22 CITY OF RICHMOND, a municipal corporation;
   WEST COUNTY WASTEWATER DISTRICT, a
23 municipal corporation; VEOLIA WATER NORTH
   AMERICA OPERATING SERVICES, a limited
24 liability corporation; and WEST COUNTY
   AGENCY, a joint powers agency,
25
26                 Defendants.
27
28

---

Stipulated Dismissal; [Proposed] Order                    1                    Case No. C 05-03829 MMC

1  Plaintiffs Baykeeper and West County Toxics Coalition, and Defendants City of Richmond, West

2  County Wastewater District, West County Agency and Veolia Water North America Operating Services

3  by and through their attorneys of record, hereby enter into this stipulation, dismissal, and settlement

4  agreement.

5  WHEREAS, Plaintiffs and Defendants (the "Parties") have entered into a partial settlement

6  agreement that achieves a full and final settlement of all Plaintiffs' claims against West County Agency

7  and certain, but not all, of Plaintiffs' claims against the remaining Defendants as set forth in Civil Case

8  No. C 05-03829 MMC ("Settlement Agreement");

9  WHEREAS, a copy of this Settlement Agreement is incorporated herein and attached as Exhibit

10  A to this stipulated dismissal and order;

11  NOW THEREFORE, the Parties jointly stipulate as follows:

12  1.

13  All Plaintiffs' claims against West County Agency and Plaintiffs' Eighth, Ninth, Fifteenth, Sixteenth,

14  and Seventeenth claims against all remaining Defendants relating to alleged effluent limitations

15  violations from the Defendants' Wastewater Treatment Plants are dismissed in their entirety with

16  prejudice.  In addition, Complaint Paragraphs 64 and 65 are stricken and dismissed; and all references in

17  the Complaint to biosolids, including in Paragraphs 36, 37, 45, 46, 47, 106, 107, 113, 116, are also

18  stricken and dismissed.

19  2.  Nothing in this Settlement Agreement shall have any effect on Plaintiffs' remaining claims

20  against Defendants asserted in this action.

21  Dated: June **28**, 2006

22  LAWYERS FOR CLEAN WATER, INC.                    ENVIRONMENTAL ADVOCATES

23

24  By:_____              By: _Christopher Sproul_____

25  ____Daniel Cooper                                Christopher Sproul
26  Attorney for Plaintiffs                          Attorney for Plaintiffs

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY BRAND LLP

By: _____
                Melissa Thorme
                Attorney for Defendants

## [PROPOSED] ORDER

Based on the above stipulation of the parties, IT IS HEREBY ORDERED that all Plaintiffs'
claims against West County Agency and Plaintiffs' Eighth, Ninth, Fifteenth, Sixteenth, and Seventeenth
claims against Defendants relating to alleged effluent limitations violations from the Defendants'
Wastewater Treatment Plants are dismissed in their entirety with prejudice.  In addition, Complaint
Paragraphs 64 and 65 are stricken and dismissed; and all references in the Complaint to biosolids,
including in Paragraphs 36, 37, 45, 46, 47, 106, 107, 113, 116, are also stricken and dismissed.  `

IT IS FURTHER ORDERED that nothing in the Parties' partial Settlement Agreement nor in
this Order shall have any effect on Plaintiffs' remaining claims against Defendants asserted in this
action.

IT IS SO ORDERED.

Dated: __July 5, 2006_____            NORTHERN DISTRICT COURT OF CALIFORNIA


_____
Honorable Maxine M. Chesney
United States District Court
Northern District of California

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into between Plaintiffs Baykeeper and the West County Toxics Coalition ("Plaintiffs") and Defendants City of Richmond ("Richmond"), West County Wastewater District ("WCWD"), West County Agency ("WCA"), and Veolia Water North America Operating Services ("Veolia") (collectively, "Defendants") (Plaintiffs and Defendants are hereinafter collectively referred to as the "SETTLING PARTIES") with respect to the following facts, objectives and commitments:

**WHEREAS**, Plaintiffs are non-profit corporations dedicated to, among other things, the protection and enhancement of the water quality of the San Francisco Bay-Delta Estuary and to protect the communities of West Contra Costa County against toxic threats in the area;

**WHEREAS**, Defendants own and/or operate publicly-owned treatment works that collect, treat, and discharge wastewater generated by residential, commercial, and industrial sources, pursuant to California Regional Water Quality Control Board, San Francisco Bay Region, ("Regional Board") Order No. 01-144, National Pollutant Discharge Elimination System ("NPDES") permit No. CA0038539 (the "NPDES Permit");

**WHEREAS**, on July 14, 2005, Plaintiffs provided Defendants, the Administrator and the Regional Administrator for Region IX of the United States Environmental Protection Agency ("EPA"), and the Executive Director of the California State Water Resources Control Board with a Notice of Violation and Intent to File Suit ("60-Day Notice") under Sections 505(a) of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act" or "CWA"), 33 U.S.C. § 1365(a)(1) and (f). The 60-Day Notice alleged, and Plaintiffs contend, that Defendants have violated and continue to violate the Act, along with the terms and conditions of the NPDES Permit for sanitary sewage discharges and the City of Richmond's permit for stormwater discharges;

**WHEREAS**, on September 22, 2005, Plaintiffs filed their Complaint in the United States District Court for the Northern District of California against Defendants (Case No. C 05-03829 EDL);

**WHEREAS**, the purpose of Plaintiffs' Complaint is, *inter alia*, to eliminate effluent limit violations at the Richmond and WCWD WWTPs and the WCA Confluence Structure;

**WHEREAS**, the SETTLING PARTIES, through their authorized representatives and without either adjudication of any of the Complaint's claims or admission by Defendants of any alleged violation or other wrongdoing, have chosen to resolve certain of Plaintiffs' claims against Defendants through settlement and avoid the costs and uncertainties of further litigation;

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the SETTLING PARTIES each hereby agree as follows:

# SETTLEMENT AGREEMENT

## I. GENERAL OBJECTIVES

1.      The objectives of this Settlement Agreement are:

      a.      To ensure that the Defendants continue to improve efforts to come into and maintain compliance with the CWA;

      b.      To ensure that the Defendants continue to use, implement, and improve ways, means, and methods to eliminate violations of effluent limitations applicable to discharges of wastewater from the Richmond and WCWD WWTPs and the WCA Confluence Structure; and

      c.      To further the goals and objectives of the CWA.

## II.      DEFINITIONS

2.      Unless otherwise expressly defined herein, terms used in this Settlement Agreement, which are defined in the CWA or in regulations, or rules promulgated under the CWA have the meaning assigned to them in the statutes or regulations or rules.  Whenever terms listed below are used in this Settlement Agreement, the following definitions apply:

      a.      "Settlement Agreement" means this Settlement Agreement, the Court's Stipulated Order of Dismissal, and any attachments or documents incorporated by reference to this Settlement Agreement.

      b.      "WCA Confluence Structure" means the facility used to combine sanitary sewage effluent from the Richmond and West County Wastewater District ("WCWD") wastewater treatment plants ("WWTPs").

      c.      "Day" means a calendar day.  In computing any period of time under this Settlement Agreement, where the last day of such period is a Saturday, Sunday, or Federal or State Holiday, the period runs until the close of business on the next day that is not a Saturday, Sunday, or Federal or State Holiday.

      d.      "2001 Joint Permit" means National Pollutant Discharge Elimination System ("NPDES") Permit No. CA0038539, Order No. 01-144, as presently constituted and/or as subsequently revised or renewed.

      e.      "Waters of the United States" has the meaning defined in 40 C.F.R. § 122.2.

      f.      "Year" means fiscal year that runs from July 1 - June 30 of each year.

## III.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of the claims against Defendants asserted by Plaintiffs pursuant to CWA section 505(a), 33 U.S.C. § 1365(a), and 28 U.S.C. §§ 1331,

SETTLEMENT AGREEMENT

1355, and 1367. Venue is proper in this judicial district pursuant to section CWA §§ 309(b), 505(c), 33 U.S.C. §§ 1319(b), 1365(c), and 28 U.S.C. §§ 1391(b) and (c). The Complaint filed herein states claims for which relief can be granted. The parties waive any and all objections that they may have to the Court's jurisdiction to enter this Settlement Agreement.

## IV.   EFFECT OF SETTLEMENT AGREEMENT

4.     Plaintiffs do not, by their consent to this Settlement Agreement, warrant or aver in any manner that the Defendants' compliance with this Settlement Agreement will constitute or result in compliance with any federal or state law or regulation. Nothing in this Settlement Agreement shall be construed to affect or limit in any way the obligation of the Defendants to comply with all federal, state and local laws and regulations governing any activity required by this Settlement Agreement.

## V.   APPLICABILITY

5.     The provisions of this Settlement Agreement apply to and bind the Settling Parties, including any successors or assigns. The Settling Parties certify that their undersigned representatives are fully authorized to enter into this Settlement Agreement, to execute it on behalf of the Settling Parties, and to legally bind the Settling Parties to its terms.

6.     The Settling Parties agree to be bound by this Settlement Agreement and not to contest its validity in any subsequent proceeding to implement or enforce its terms. By entering into this Settlement Agreement, the Defendant(s) do not admit liability for any purpose as to any allegation or matter arising out of this Action.

7.     No change in ownership or corporate or other legal status of the Defendant(s) or any transfer of the Defendant(s)' assets or liabilities shall in any way alter the responsibilities of the Defendant(s) or any of its successors or assigns thereof, under this Settlement Agreement.

## VI.   EFFECTIVE DATE AND TERMINATION DATE

8.     The term "Effective Date," as used in this Settlement Agreement, shall mean the last date on which the signature of a party to this Settlement Agreement is executed.

## VII.   COMMITMENTS OF PARTIES

9.     Stipulated Dismissal. Within five (5) days of the Effective Date of this Agreement, Plaintiffs shall file a Stipulated Dismissal With Prejudice of all Plaintiffs' claims against West County Agency and Plaintiffs' Eighth, Ninth, Fifteenth, Sixteenth, and Seventeenth claims against

SETTLEMENT AGREEMENT

Defendants relating to alleged effluent limitations violations from the Defendants' Wastewater Treatment Plants with the United States District Court for the Northern District of California ("District Court"). In addition, as part of the Stipulated Dismissal, Complaint Paragraphs 64 and 65 will be stricken and dismissed as will all references to in the Complaint to biosolids, including in Paragraphs 36, 37, 45, 46, 47, 106, 107, 113, 116. Plaintiffs are responsible for notifying the Defendants of the District Court's entry of the Order dismissing these claims with prejudice.

10.    Plaintiffs shall submit this Agreement to EPA and the U.S. Department of Justice ("DOJ") within five (5) days of the Effective Date of this Agreement for review consistent with 40 C.F.R. § 135.5. The review period expires forty-five (45) days after receipt by both agencies, as evidenced by the certified return receipts, copies of which shall be provided to the Defendants upon receipt by Plaintiffs. In the event that EPA or DOJ comments negatively on the provisions of this Agreement, the SETTLING PARTIES agree to meet and confer to attempt to resolve the issue(s) raised by EPA or DOJ. If the SETTLING PARTIES cannot resolve the issue(s) and the District Court chooses not to enter the Order, this Agreement is null and void.

## VIII.   SUPPLEMENTAL ENVIRONMENTAL PROJECT

11.    In recognition of the Defendants' past and future good-faith efforts to reduce effluent limit violations, within ten (10) days of the entry of the Court Order of dismissal of this action, the Defendants agree to fund a supplemental environmental project (SEP). Specifically, the Defendants shall jointly or severally pay to the Rose Foundation for Communities and the Environment ("the Rose Foundation") the total sum of $80,000 ("the SEP Payment") to be used solely to fund supplemental environmental project activities that are physically located in or will benefit watersheds located in the political jurisdictions of the City of Richmond and/or West County Wastewater District or the area of San Francisco Bay seaward of this area'. Payment shall be made via certified check payable to "The Rose Foundation for Communities and the Environment," and sent via certified mail, return receipt requested, to:

> The Rose Foundation for Communities and the Environment
> 6008 College Avenue, Suite 10
> Oakland, California 94618
> Attention: Tim Little

12.    Plaintiffs shall ensure Defendants receive an annual accounting from the Rose Foundation specifying how the Rose Foundation dispersed any of the SEP Payment. Such accounting

SETTLEMENT AGREEMENT

shall indicate the recipient organization(s) of the SEP Payment and describe the projects funded.  In any case, the Plaintiffs shall not receive any of the SEP Payment to use for any purpose.

## IX.   FEES, COSTS AND EXPENSES

13.     To help defray Plaintiffs' attorneys, consultant, and expert fees and costs, and any other costs incurred as a result of investigating, bringing the alleged violations set forth in Plaintiffs' claims against West County Agency, Plaintiffs' Eighth, Ninth, Fifteenth, Sixteenth, and Seventeenth claims against Defendants, Complaint paragraphs 64 and 65, and allegations in the Complaint related to biosolids discharge, including in Paragraphs 36, 37, 45, 46, 47, 106, 107, 113, 116' to Defendants' attention, and negotiating a settlement, Defendants shall jointly and severally pay Plaintiffs the sum of $57,000.  Payment shall be made by the Defendants within forty-five (45) calendar days of the Effective Date, and held in trust by Downey Brand LLP for Plaintiffs.  Downey Brand LLP shall deliver to Plaintiffs' counsel the entire sum within ten (10) days of receiving notice by Plaintiffs of the successful entry of the Order of the Stipulated Dismissal.  Payment by Downey Brand LLP to Plaintiffs' counsel shall be made in the form of a single check payable to "Lawyers for Clean Water Attorney Client Trust Account" addressed to 1004 O'Reilly Avenue, San Francisco, CA 94129 sent overnight delivery and shall constitute full payment for all costs of litigation incurred by Plaintiffs that have or could have been claimed in connection with or arising out of Plaintiffs' claims against Defendants dismissed by this Settlement Agreement, up to and including the Order Entry Date.

## X.   NOTICES AND SUBMISSIONS

14. All documents required or contemplated by this Settlement Agreement shall be directed to the following individuals at the addresses specified below unless specifically stated otherwise herein. Any change in the individuals designated by either Party must be made in writing to the other Parties.

As to Plaintiff:

> Daniel Cooper
> Layne Friedrich
> LAWYERS FOR CLEAN WATER, INC.
> 1004 O'Reilly Avenue
> San Francisco, California  94129

SETTLEMENT AGREEMENT

Christopher Sproul
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
E-mail: csproul@enviroadvocates.com
[Note: Defendants shall send to Environmental Advocates electronic copies only of all relevant
documents available to them in electronic copy]

If to Defendants:

Melissa Thorme or Nicole Granquist
Downey Brand LLP
555 Capitol Mall, 10th Floor
Sacramento, CA 95814

## XI.    MUTUAL RELEASE OF LIABILITY

15.    In consideration of the above, upon the Order Entry Date of this Agreement, the
SETTLING PARTIES hereby fully release, except for claims for the Defendant's failure to comply with
this Settlement Agreement, each other and their respective successors, assigns, officers, agents,
employees, and all persons, firms and corporations having an interest in them, from any and all Clean
Water Act violations claimed in Plaintiffs' claims against Defendants dismissed by this Settlement
Agreement up to and including the Order Entry Date of this Settlement Agreement.

16.    Nothing in this Settlement Agreement limits or otherwise affects Plaintiffs' right to
address or take any position that it deems necessary or appropriate in any formal or informal proceeding
before the Regional Board, EPA, or any other judicial or administrative body on any other matter
relating to Defendants.

## XII.    GENERAL PROVISIONS

17.    No Admission Or Finding.  Neither the Settlement Agreement nor any payment pursuant
to the Settlement Agreement shall constitute or be construed as a finding, adjudication, or
acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of
any law, rule, or regulation.  The Defendants maintain and reserve all defenses they may have to any
alleged violations that may be raised in the future.

18.    Construction.  The language in all parts of this Settlement Agreement shall be construed
according to its plain and ordinary meaning, except as to those terms defined in the NPDES Permits,
Clean Water Act, or specifically herein.

# SETTLEMENT AGREEMENT

19.    <u>Choice of Law</u>. The laws of the United States shall govern this Agreement.

20.    <u>Severability</u>.  In the event that any provision, paragraph, section, or sentence of this Settlement Agreement is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

21.    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, all of which together shall constitute one original document.  Electronic, telecopy, and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Agreement.

22.    <u>Modification of the Agreement.</u>  This Agreement, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the SETTLING PARTIES.

23.    <u>Full Settlement</u>.  This Settlement Agreement constitutes a full and final settlement of Plaintiffs' claims against West County Agency; Plaintiffs' Eighth, Ninth, Fifteenth, Sixteenth, and Seventeenth claims against remaining Defendants; allegations of violation in Complaint Paragraphs 64 and 65; and all Complaint allegations of violation related to the discharge of biosolids, including in Complaint Paragraphs 36, 37, 45, 46, 47, 106, 107, 113, and 116. '

24.    <u>Integration Clause</u>.  This is an integrated partial Settlement Agreement.  This Settlement Agreement is intended to be a full and complete statement of the terms of the agreement between the parties and expressly supersedes any and all prior oral or written agreements covenants, representations and warranties (express or implied) concerning the subject matter of this Settlement Agreement.

25.    <u>Authority</u>.  The undersigned representatives for Plaintiffs and Defendants each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Settlement Agreement.

The SETTLING PARTIES hereby enter into this Settlement Agreement.

Date: _____          CITY OF RICHMOND


_____

By:  Bill Lindsay, City Manager

SETTLEMENT AGREEMENT

Date: _____     VEOLIA WATER NORTH AMERICA OPERATING
                            SERVICES LLC

                            _____

                            By: _____

Date: 6/28/06               WEST COUNTY AGENCY, AND WEST COUNTY
                            WASTEWATER DISTRICT

                            _____

                            By: E.J. SHALABY, GENERAL MANAGER

Date: 6/28/06               BAYKEEPER

                            _____

                            By: Sejal Choksi

Date: 6-28-06               WEST COUNTY TOXICS COALITION

                            _____

                            By: Henry Clark

---

SETTLEMENT AGREEMENT

**APPROVED AS TO FORM:**

For DEFENDANTS:

DOWNEY BRAND LLP

By:    Melissa A. Thorme

CITY OF RICHMOND

By:    Everett Jenkins

WEST COUNTY WASTEWATER DISTRICT and WEST COUNTY AGENCY

By:  Alfred Cabral

VEOLIA WATER NORTH AMERICA OPERATING SERVICES

By:   Melissa Thorme for Brian Clarke

For PLAINTIFFS:

LAWYERS FOR CLEAN WATER INC.

By:    Daniel Cooper

---

# SETTLEMENT AGREEMENT

1

Date: 6/28/06

VEOLIA WATER NORTH AMERICA OPERATING
SERVICES LLC

2

3

4

5

By: President WaterLLC

6

7

8

Date: 6/28/06

WEST COUNTY AGENCY, AND WEST COUNTY
WASTEWATER DISTRICT

9

10

11

12

By: E. SHALABY, GENERAL MANAGER

13

14

15

Date: 6/28/06

BAYKEEPER

16

17

18

19

By: Sejal Choksi

20

21

22

Date: 6-28-06

WEST COUNTY TOXICS COALITION

23

24

25

26

By: Henry Clark

27

28

# SETTLEMENT AGREEMENT

1    19.    Choice of Law. The laws of the United States shall govern this Agreement.

2    20.    Severability. In the event that any provision, paragraph, section, or sentence of this

3    Settlement Agreement is held by a court to be unenforceable, the validity of the enforceable provisions

4    shall not be adversely affected.

5    21.    Counterparts. This Agreement may be executed in any number of counterparts, all of

6    which together shall constitute one original document. Electronic, telecopy, and/or facsimile copies of

     original signature shall be deemed to be originally executed counterparts of this Agreement.

7    22.    Modification of the Agreement. This Agreement, and any provisions herein, may not be

8    changed, waived, discharged, or terminated unless by a written instrument, signed by the SETTLING

9    PARTIES.

10   23.    Full Settlement. This Settlement Agreement constitutes a full and final settlement of

     Plaintiffs' claims against West County Agency; Plaintiffs' Eighth, Ninth, Fifteenth, Sixteenth, and

11   Seventeenth claims against remaining Defendants; allegations of violation in Complaint Paragraphs 64

12   and 65; and all Complaint allegations of violation related to the discharge of biosolids, including in

13   Complaint Paragraphs 36, 37, 45, 46, 47, 106, 107, 113, and 116. '

14   24.    Integration Clause. This is an integrated partial Settlement Agreement. This Settlement

15   Agreement is intended to be a full and complete statement of the terms of the agreement between the

16   parties and expressly supersedes any and all prior oral or written agreements covenants, representations

     and warranties (express or implied) concerning the subject matter of this Settlement Agreement.

17   25.    Authority. The undersigned representatives for Plaintiffs and Defendants each certify

18   that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions

19   of this Settlement Agreement.

20   The SETTLING PARTIES hereby enter into this Settlement Agreement.

21   Date: 6/28/06                              CITY OF RICHMOND

22

23

24

25                                             By: Bill Lindsay, City Manager

26

27

28